**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTA ELIZABETH PORRES-
SANCHEZ; LUIS LOPEZ-PORRES,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-72092

Agency Nos.   A209-984-671
                      A209-984-672

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2021[**]
Pasadena, California

Before:  BYBEE and BENNETT, Circuit Judges, and BATAILLON,[***] District
Judge.

Petitioners Marta Elizabeth Porres-Sanchez and her son Luis Lopez-Porres,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

natives and citizens of Guatemala, seek review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petitions.

We review the BIA's factual findings, including whether a petitioner was persecuted on account of a protected ground, for substantial evidence. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "To reverse [a] finding we must find that the evidence not only *supports* that conclusion, but *compels* it." *Id.* at 481 n.1.

To establish eligibility for asylum and withholding of removal, Petitioners had to show a nexus between their feared persecution and membership in their claimed particular social groups. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). The BIA found that Petitioners had not established any nexus because the evidence showed that the gang's only motive for its extortion and threats of violence was money. *See id.* at 1016 ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). This finding was supported by substantial evidence, as Porres-Sanchez testified that the gang targeted her, her husband, and her brothers because they all worked and had money, and that the gang targets anyone who works and has money. She also testified that the gang stopped

2

threatening her husband when he had no money. Because substantial evidence supports the BIA's no nexus finding, Petitioners' asylum and withholding of removal claims fail.[1]

Petitioners' CAT claim also fails because substantial evidence supports the BIA's finding that Petitioners failed to show that they will more likely than not be tortured in Guatemala. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). Porres-Sanchez testified that neither she nor Luis had ever been directly threatened or tortured by the gang. And as pointed out by the BIA, Porres-Sanchez's husband and their other children, whom the gang also threatened to harm if her husband failed to pay, continue to live in Guatemala and have not been harmed by the gang. Significantly, no one in Petitioners' family has been harmed even though Porres-Sanchez's husband stopped paying the gang in 2017. This evidence provides substantial support for the BIA's finding. *Cf. Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000) ("This court has allowed ongoing family safety to mitigate a well-founded fear, particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk.").[2]

---

[1] We need not address the BIA's findings on Petitioners' proposed particular social groups because Petitioners' asylum and withholding of removal claims necessarily fail for lack of nexus.

[2] Because Petitioners' CAT claim fails absent a showing that it is more likely than not that they will face torture in Guatemala, we need not address the BIA's finding that the CAT claim also fails for lack of evidence showing that any torture would be inflicted with the consent or acquiescence of a government official.

**PETITIONS DENIED.**